**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: SEVERSON, TRACY JAYNE        § Case No. 13-45631
                                    §
                                    §
Debtor(s)                           §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on November 25, 2013. The undersigned trustee was appointed on November 25, 2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $       5,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 20.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |

   Leaving a balance on hand of [1]    $       4,980.00

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/20/2015 and the deadline for filing governmental claims was 08/20/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,250.00, for a total compensation of $1,250.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/11/2016          By: /s/THOMAS E. SPRINGER, TRUSTEE
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 13-45631  
**Case Name:** SEVERSON, TRACY JAYNE  

**Period Ending:** 10/11/16

**Trustee:** (330640) THOMAS E. SPRINGER, TRUSTEE  
**Filed (f) or Converted (c):** 11/25/13 (f)  
**§341(a) Meeting Date:** 12/16/13  
**Claims Bar Date:** 08/20/15

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Checking Account with Bank of America | 1,200.00 | 0.00 | | 0.00 | FA |
| 2 | Household goods and furniture | 1,500.00 | 0.00 | | 0.00 | FA |
| 3 | Books, pictures, cds, etc | 250.00 | 0.00 | | 0.00 | FA |
| 4 | Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 5 | 2007 Saturn Vue with 55,000 miles. value per kb | 6,303.00 | 0.00 | | 0.00 | FA |
| 6 | 1601 Meadows Road, Geneva, IL (u)<br>Debtor may have interest in real property previously owned by father who passed away. | 30,000.00 | 30,000.00 | | 5,000.00 | FA |
| 6 | **Assets** Totals (Excluding unknown values) | **$39,753.00** | **$30,000.00** | | **$5,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

    Debtor's father pased away and Trustee is investigating Debtor's interest in real property formerly owned by father and any other assets that Debtor may have inherited.

**Initial Projected Date Of Final Report (TFR):** November 15, 2015     **Current Projected Date Of Final Report (TFR):** September 16, 2016 (Actual)

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 13-45631  
**Case Name:** SEVERSON, TRACY JAYNE  

**Taxpayer ID #:** **-***4438  
**Period Ending:** 10/11/16  

**Trustee:** THOMAS E. SPRINGER, TRUSTEE (330640)  
**Bank Name:** Rabobank, N.A.  
**Account:** ****743166 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 07/26/16 | {6} | Chicago Title and Trust Company | Settlement Pursuant to Order | 1210-000 | 5,000.00 | | 5,000.00 |
| 07/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,990.00 |
| 08/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,980.00 |
| | | | **ACCOUNT TOTALS** | | **5,000.00** | **20.00** | **$4,980.00** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | **5,000.00** | **20.00** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$5,000.00** | **$20.00** | |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # ****743166** | 5,000.00 | 20.00 | 4,980.00 |
| | **$5,000.00** | **$20.00** | **$4,980.00** |

{} Asset reference(s)

# E X H I B I T   C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** August 20, 2015

**Case Number:** 13-45631  
**Debtor Name:** SEVERSON, TRACY JAYNE

Page: 1

**Date:** October 11, 2016  
**Time:** 10:03:47 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | THOMAS E. SPRINGER, TRUSTEE<br>300 S. County Farm Rd., Ste.I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $1,250.00 | $0.00 | 1,250.00 |
| 200 | Clerk of the US Bankruptcy Court<br>219 S. Dearborn Street<br>Chicago, IL 60604 | Admin Ch. 7 | Filing fee to reopen case | $235.00 | $0.00 | 235.00 |
| 200 | SPRINGER BROWN, LLC<br>300 S. County Farm Road<br>Suite I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $2,938.50 | $0.00 | 2,938.50 |
| 200 | SPRINGER BROWN, LLC<br>300 S. County Farm Road<br>Suite I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $69.87 | $0.00 | 69.87 |
| 1<br>610 | American InfoSource LP as agent for<br>TD Bank, USA<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | Unsecured | | $172.45 | $0.00 | 172.45 |
| 2<br>610 | Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | $452.01 | $0.00 | 452.01 |
| 3<br>610 | Portfolio Recovery Associates, LLC<br>successor to CAPITAL ONE, NA<br>(CAPITAL ONE, N.A.),POB 41067<br>Norfolk, VA 23541 | Unsecured | | $2,187.27 | $0.00 | 2,187.27 |
| **<< Totals >>** | | | | 7,305.10 | 0.00 | 7,305.10 |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 13-45631
Case Name: SEVERSON, TRACY JAYNE
Trustee Name: THOMAS E. SPRINGER, TRUSTEE

**Balance on hand:** $ 4,980.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 4,980.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - THOMAS E. SPRINGER, TRUSTEE | 1,250.00 | 0.00 | 1,250.00 |
| Attorney for Trustee, Fees - SPRINGER BROWN, LLC | 2,938.50 | 0.00 | 2,938.50 |
| Attorney for Trustee, Expenses - SPRINGER BROWN, LLC | 69.87 | 0.00 | 69.87 |
| Charges, U.S. Bankruptcy Court | 235.00 | 0.00 | 235.00 |

Total to be paid for chapter 7 administration expenses: $ 4,493.37
Remaining balance: $ 486.63

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 486.63

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |  |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 486.63 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,811.73 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American InfoSource LP as agent for | 172.45 | 0.00 | 29.85 |
| 2 | Quantum3 Group LLC as agent for | 452.01 | 0.00 | 78.23 |
| 3 | Portfolio Recovery Associates, LLC | 2,187.27 | 0.00 | 378.55 |

|  |  |  |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 486.63 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |  |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None ||||

                            Total to be paid for subordinated claims: **$**       0.00
                            Remaining balance:                        $       0.00